# STATE OF OREGON,
*Appellant,*

## *v.*

# STEVE ELLIS GULLEY,
*Respondent.*

## (9304-0696; CA A81984)

884 P2d 580

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Brian P. Jackson argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

The state appeals a pretrial order suppressing evidence obtained during a search of defendant's residence pursuant to a condition of defendant's probation. The sole issue on appeal is whether defendant's probation officer had reasonable grounds to request the search. We conclude that he did, and reverse and remand.

On May 22, 1992, defendant was convicted of possession of a controlled substance, ORS 475.992(4), and sentenced to 18 months probation.[1] Defendant's probation required him to "obey all laws, municipal, county, state and federal" and to "abstain from the use of intoxicants." In addition, a special condition of probation required him to

> "[s]ubmit person, residence, vehicle, and property to search by a Probation Officer, having reasonable grounds to believe such search will disclose evidence of a probation violation."

On April 2, 1993, Sweet Home Police Detective George Dominy received a tip from a "confidential and reliable" informant that defendant was selling drugs from his residence. The informant told Dominy that the informant had seen drugs in defendant's residence on several occasions throughout the previous year and had purchased drugs from defendant within the last two to three weeks.

Shortly thereafter, Dominy told Burton Brennan, defendant's probation officer, about the informant's statements. When Brennan spoke to Dominy, Brennan knew that defendant had had five "dirty" urinalyses in the preceding nine months, the most recent within the prior three weeks, and that defendant had admitted a sixth incident of illegal drug use within that period.[2] Brennan did not ask Dominy about the informant's background, because he "considered the information reliable coming from Detective Dominy."

---

[1] Probation Officer Brennan and Detective Dominy, both of whom the trial judge found credible, set forth these facts during their testimony before the trial court. These facts are undisputed and thus define our review.

[2] Brennan became defendant's probation officer on March 15, 1993, but he knew that defendant tested positive for marijuana use on July 27, 1992, and on August 10, 1992, and for both marijuana and methamphetamine use on September 1, 1992, January 26, 1993, and March 22, 1993. Additionally, Brennan knew that defendant admitted to his former probation officer that he had smoked marijuana on December 8, 1992.

Based on his knowledge that defendant had repeatedly used drugs while on probation and Dominy's corroborating information, Brennan decided to search defendant's house for evidence of probation violations. On April 15, 1993, Brennan and other officers went to defendant's residence. When Dominy asked to search the premises, defendant initially refused to consent, then acquiesced when Brennan told him that he would be arrested unless he consented to the search. The ensuing search yielded methamphetamine and a black powder pistol.

Before defendant's probation revocation hearing and trial on the charge of possession of a controlled substance, defendant moved to suppress the evidence gathered during the search of his residence. Defendant argued that the search was illegal because Brennan lacked reasonable grounds to believe that the search would disclose evidence of a probation violation.

The trial court entered an order suppressing all the evidence gathered during the search. In a letter opinion, the court stated:

> "I find the probation officer [*sic*] and the police officer's testimony credible and find that after being warned of the consequences of refusal the defendant consented to the search. However, I do not find the consent valid where it was based on a request to search under conditions of probation because the officer did not have reasonable grounds to search. Reasonable grounds must be articulated in an objective way. The report of any informant without any basis to evaluate the reliability of the informant or the credibility of his statements is insufficient."

The state assigns error to the trial court's conclusion that Brennan lacked reasonable grounds to request the search of defendant's premises.[3] In determining the legality of searches and seizures, we must decide whether the trial court applied the relevant legal principles correctly to its findings of historical fact. *See State v. Ehly*, 317 Or 66, 74-75, 854 P2d 421 (1993). Because there is no factual dispute concerning the information Brennan possessed at the time of the search, the only issue is whether, given that information,

---

[3] The state does not argue that, absent reasonable grounds, the search was still a valid consent search.

Brennan had reasonable grounds to believe that a search of defendant's premises would yield evidence of a probation violation. We conclude that he did.

■        No reported Oregon case has defined the term "reasonable grounds." However, the Department of Corrections has promulgated a regulation, cited by neither party, defining "reasonable grounds" for a probation officer's search:

> "Information of such creditibility [sic] that it would induce a reasonably prudent person to use it in the conduct of his/her professional duties." OAR 291-66-010(10).

That definition, which dictates a general "reasonableness" analysis, does not describe with particularity the type of information on which a probation officer may reasonably rely. We conclude, however, that the definition is most properly amplified by reference to the "reasonable suspicion" standard for stops, which is that

> "a police officer is able to point to specific and articulable facts that give rise to a reasonable inference that a person has committed a crime." *State v. Ehly, supra,* 317 Or at 80.

Consistent with that standard, a probation officer has reasonable grounds to search a probationer's "person, residence, vehicle, and property" if the officer can identify specific and articulable facts which, under the totality of the circumstances, support a reasonable inference that evidence of a probation violation will be found in the place to be searched. *Accord State v. Johnson,* 748 P2d 1069 (Utah 1987) (parole officer's knowledge that parolee had pawned a stereo in violation of his parole and that warrant had been issued for parolee's arrest for forging checks provided articulable reasonable suspicion to search parolee's residence for evidence of parole violations).

Applying that standard, we hold that the trial court erred in determining that Brennan lacked reasonable grounds to search defendant's residence. Brennan's knowledge that defendant had repeatedly failed urinalysis tests during the last several months, and most recently within the last three weeks, supported a reasonable inference that defendant used and possessed drugs in violation of his probation. We need not determine whether the failed urinalyses, without more, were sufficient to support an inference that the

drugs would be found in defendant's residence.[4] Here, that inference was further buttressed by the informant's tip that he had seen drugs at defendant's residence and had purchased drugs from defendant very recently. Even assuming, as the trial court found, that Brennan's inability to evaluate the credibility of the informant's statements prevented those statements, by themselves, from constituting reasonable grounds for a search, they still provided useful corroboration. In combination, the failed urinalyses and the informant's tip supported a reasonable inference that a search of defendant's house would disclose evidence of drug use, possession, or sales.

Reversed and remanded.

---

[4] *See Toney v. State*, 572 So 2d 1308, 1313 (Ala App 1990) (results of drug test indicating that probationer had used cocaine gave probation officer reasonable grounds to believe that search of premises would yield contraband).